UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Nathan M. Ahrens, | ) | CASE NO. 5:26 CV 100 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Summit Count Clerk of Courts, *et al.*, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants. | ) | AND ORDER |

**Background**

*Pro se* Plaintiff Nathan Ahrens has filed a civil rights complaint in this case under 42 U.S.C. § 1983 against the Summit County Clerk of Courts, Judge Susan Baker Ross, and Portage Path Psychiatric Emergency Services (Doc. No. 1), along with a "Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. No. 3).

His complaint and his motion, however, are incomprehensible.  As best as the Court is able to discern, Plaintiff disagrees with rulings made by Judge Ross in cases he filed in state court against Portage Path Psychiatric Emergency Services.  *See Ahrens v. Psychiatric Emergency Services*, No. CV-2025-11-5527 (Summit Cty. Ct. of Comm. Pls.); *Ahrens v. Portgage Path Emergency Services*. No. CV-2024-04-1734 (Summit Cty. Ct. of Comm. Pls.).[1]

He seeks millions of dollars in damages and for the Court to stay all proceedings in Case No. CV-2025-11-5527.  (*See* Doc. No. 1 at 3, ¶V, "Prayer for Relief"; Doc. No. 3 at 2.)

---

[1] It appears he contends his rights were violated as the result of the re-opening of a case.

Plaintiff did not pay the filing fee, but instead, filed a motion to proceed in forma pauperis. (Doc. No. 2.) That motion is granted. For the following reasons, his complaint is dismissed.

## Discussion

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Upon review, the Court finds that Plaintiff's complaint warrants *sua sponte* dismissal pursuant to § 1915(e)(2)(B). First, even according his pleadings the deference to which a *pro se*

plaintiff is entitled, his allegations are so unclear and incomprehensible that they fail to meet basic federal notice pleading requirements or suggest he has any plausible federal claim against any Defendant upon which he may be granted relief (much less that he is likely to succeed on the merits of such claim). *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, the *Rooker–Feldman* doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (citation omitted). "Federal district courts do not stand as appellate courts for decisions of state courts." *Id.* Accordingly, this Court lacks jurisdiction to review or reverse any decision of the Summit County Court of Common Pleas in connection with cases Plaintiff filed in state court as it is apparent he seeks. To the extent Plaintiff disagrees with rulings made by Judge Ross in state court cases, he must seek relief in the Ohio appellate courts.

Finally, Judge Ross and the Summit Court Clerk of Courts are entitled to absolute immunity from a damages suit under § 1983 for any actions they took in the performance of their official functions in state court proceedings. *See Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) ("It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions.") And private entitlies (such as Defendant Portage Path Psychiatric Emergency Services) are not subject to suit under § 1983 in the absence of facts demonstrating they acted under color of state law. *See Adams v. Vandemark*, 855 F.2d 312, 317 (6th Cir. 1988).

**Conclusion**

For all of the foregoing reasons, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and his motion for temporary and preliminary injunctive relief is denied. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: February 23, 2026  /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE